IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODRICK MAURICE BRAYBOY,** | : | No. 1:23-CV-1651 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | FILED |
| **KULLNER, et al.,** | : | SCRANTON |
| **Defendants** | : | DEC 0 4 2023 |

Per _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Rodrick Maurice Brayboy initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by numerous prison officials at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. The court will dismiss Brayboy's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, but leave to amend will be provided.

## I.  BACKGROUND

Brayboy avers that in July 2022, he was issued a fabricated misconduct report for events that did not occur. (See Doc. 1 at 6, 7, 19). He contends that defendant Unit Manager Kullner "fabricated" the misconduct insofar as "none of the[] events took place at the dates and times" alleged in the report. (See id. at

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

7). Brayboy asserts that he received thirty days' cell restriction as punishment for the misconduct, resulting in the loss of recreation and telephone access during this time. (Id. at 6, 7). He maintains that unspecified prison officials "violated multiple of there [sic] policys [sic] and procedures" when they "did not investigate the misconduct properly." (Id. at 6).

Brayboy further alleges that, on September 26, 2022, an unidentified individual or individuals "tampered with" with his legal mail regarding a federal habeas corpus case he has pending. (See id. at 6, 7). He does not explain the effect, if any, this alleged mail tampering had on his habeas petition.

Brayboy sues nine SCI Mahanoy prison officials. (See id. at 2-4). He seeks $200 million in compensatory and punitive damages. (See id. at 7). Brayboy, however, fails to state a claim upon which relief may be granted, so the court will dismiss his complaint.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a

*pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d

Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Brayboy proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Brayboy, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.  DISCUSSION

Before addressing the sufficiency of Brayboy's complaint, the Court must identify the claimed constitutional violations. See Albright v. Oliver, 510 U.S.

4

266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct). Brayboy briefly references substantive and procedural due process under the Fifth Amendment. (See Doc. 1 at 4). However, because his due process allegations target state, rather than federal, officials, only the Due Process Clause of the Fourteenth Amendment applies. See B & G Constr. Co. v. Dir., Office of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011).

It also appears that Brayboy may be asserting a First and Fourteenth Amendment access-to-courts claim with respect to his mail-tampering allegations. (See Doc. 1 at 4).[2] Brayboy's Section 1983 claims are deficient for multiple reasons.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior.*" Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens

---

[2] Brayboy also cursorily references the Fourteenth Amendment's Equal Protection Clause, (see Doc. 1 at 4), but he does not include any allegations regarding such a claim or otherwise develop it in any way, so the court will not address it.

5

context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Brayboy's complaint is completely silent as to the alleged conduct of eight of the nine Defendants. In fact, with respect to every Defendant other than Kullner, their names appear only in the caption or defendant-identification section

6

of the form complaint. (See Doc. 1 at 1, 2-4.) As it stands, it is impossible to determine the alleged unconstitutional action, if any, taken by any Defendant other than Kullner. Accordingly, the court must dismiss all claims against all Defendants (except Kullner) for lack of personal involvement.

### B.    Fourteenth Amendment Due Process

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Brayboy has not identified a protected liberty or property interest with respect to being put on "cell restriction" for thirty days with the loss of phone and recreation privileges. The court observes that cell restriction is even less of a hardship than administrative or disciplinary segregation, which the Supreme Court of the United States has found generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fourteenth

Amendment. Sandin v. Conner, 515 U.S. 472, 484, 486 (1995). The Third Circuit, moreover, has repeatedly held that disciplinary segregation for periods much longer than that of which Brayboy complains does not rise to the level of an atypical and significant hardship. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); Griffin v. Vaughn, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); Dunbar v. Barone, 487 F. App'x 721, 725 (3d. Cir. 2012) (540 days). Because Brayboy has not identified a protected liberty interest that is at stake, he has failed to state a Fourteenth Amendment procedural due process claim.

If Brayboy is attempting to assert a substantive due process claim, (see Doc. 1 at 4), that claim also fails. In a substantive due process challenge to governmental conduct, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Benn v. Univ. Health Sys., Inc., 371 F.3d 165, 174 (3d Cir. 2004) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)). Being put on cell restriction for thirty days falls far short of "egregious" or conscience-shocking governmental behavior.

C.   **Access to Courts**

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." Monroe v. Beard,

536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." Id. (citing Lewis, 518 U.S. at 354-55). To adequately plead an access-to-courts claim that is backward-looking in nature,[3] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe, 536 F.3d at 205 (quoting Christopher, 536 U.S. at 415). The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." See Christopher, 536 U.S. at 416-17.

To the extent that Brayboy attempts to plead an access-to-courts claim, he has not done so. Although he alleges that an unspecified individual or individuals tampered with his legal mail relating to his federal habeas petition, he has not pled that he suffered an actual injury (i.e., that he lost the chance to pursue a nonfrivolous claim) or that he has no remedy other than a Section 1983 lawsuit. Brayboy, in fact, provides no details whatsoever regarding the effect, if any, the

---

[3] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher v. Harbury, 536 U.S. 403, 413 (2002).

alleged mail tampering had on his federal habeas petition. Furthermore, the court observes that Brayboy's habeas case is still presently pending in the United States District Court for the Eastern District of Pennsylvania, where he recently filed an amended habeas petition. See Brayboy v. SCI Mahanoy, No. 2:23-CV-2475, Doc. 23 (E.D. Pa. Nov. 24, 2023). Thus, Brayboy's access-to-courts claim fails to state a claim for relief for multiple reasons.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Leave to amend the instant due process claim will be denied as futile. Based on the allegations and attachments of Brayboy's complaint, it is clear that he cannot state a Fourteenth Amendment substantive or procedural due process claim. Brayboy's punishment of thirty-days' cell restriction does not, and cannot, implicate a protected liberty interest such that he could plausibly allege a procedural due process violation regarding the at-issue misconduct. Nor could such a minor punishment rise to the level of a substantive due process infringement.

The court, however, will give Brayboy another opportunity to plead his access-to-courts claim, if he is able. If Brayboy chooses to file an amended

complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Brayboy's access-to-courts claim in short, concise, and plain statements, and in sequentially numbered paragraphs. Brayboy must address the pleading deficiencies identified in this Memorandum. He may not include claims that have been dismissed with prejudice. Brayboy must specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Brayboy does not timely file an amended complaint, dismissal of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Brayboy's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

11

may be granted. Limited leave to amend will be granted. An appropriate Order follows.

Date: 12/4/23

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court